IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH ATTORNEY GENERAL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SERVICE OF PROCESS<br><br><br><br>Case No. 2:11-CV-277 TS |

This matter comes before the Court to conduct the screening process set forth under 28 U.S.C. § 1915. Having reviewed the Complaint, the Court finds that it fails to state a claim.

I. BACKGROUND

Plaintiff, proceeding pro se, filed his Complaint in this matter on March 23, 2011. Plaintiff was permitted to proceed *in forma pauperis*, but did not take any further action. On November 17, 2011, the Court issued an Order to Show cause directing Plaintiff to respond and inform the Court of the status of the case and his intentions to proceed. Plaintiff responded by asking the Court to continue his case and to issue a summons. As Plaintiff is proceeding pro se, the Court construes Plaintiff's request as a Motion for Service of Process.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court may dismiss Plaintiff's Complaint if it fails to state a claim for which relief may be granted.  However, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[1]

When determining whether to dismiss for failure to state a claim under the IFP statute, courts employ the standard set forth for motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]  In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[3]  "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[4]  In addition, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5]

## III.  DISCUSSION

Plaintiff's Complaint is very brief, with the substantive allegations constituting only a paragraph.  Plaintiff alleges that "[t]he state patrol has impeded me, forced me to leave the state,

---

[1] *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[2] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[3] *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007).

[4] *Kay*, 500 F.3d at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

on recent visits, called me on My cell phone and told me that I was an undocumented pedophile and pulled my penis out in public place and was not welcome in the state."[6] Plaintiff alleges that certain unnamed individuals are harassing him. Plaintiff makes further unclear allegations concerning back taxes. Plaintiff seeks to bring a claim under 42 U.S.C. § 1983 and requests damages of $5,000,000.

Reviewing these allegations, the Court finds that they fall well short of what is required to set out a plausible § 1983 claim. "Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law."[7] Plaintiff has not alleged sufficient facts showing the deprivation of a constitutional rights, nor has he identified any particular person who, acting under the color of law, allegedly deprived him of any constitutional right. Rather, Plaintiff's allegations are precisely the type of vague and conclusory allegations the Supreme Court has rejected. Therefore, the Court finds that Plaintiff has failed to state a claim.

As Plaintiff is proceeding pro se, however, the Court will afford Plaintiff the opportunity to amend his Complaint. Plaintiff is informed that he must provide sufficient allegations to state a plausible claim that he has been deprived of a right secured by the Constitution and the laws of the United States and must further identify the individuals involved in that alleged deprivation.

---

[6]Docket No. 3 at 2.

[7]*Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000) (internal quotation marks omitted)

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 5) is DENIED. Plaintiff is ordered to amend his Complaint within thirty (30) days of this Order to remedy the problems identified. Failure to do so may result in dismissal of this action.

DATED December 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge