IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ANTHONY BRODZKI,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>UTAH ATTORNEY GENERAL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SERVICE OF PROCESS<br><br><br><br>Case No. 2:11-CV-277 TS |

This matter comes before the Court to conduct the screening process set forth in 28

U.S.C. § 1915.  Having reviewed the Complaint, the Court finds it must be dismissed.

I.  BACKGROUND

Plaintiff, proceeding pro se, filed his Complaint in this matter on March 23, 2011.

Plaintiff was permitted to proceed *in forma pauperis*.  Plaintiff is a resident of Texas.  Plaintiff's

original Complaint alleged that "[t]he state patrol has impeded me, forced me to leave the state,

on recent visits, called me on My cell phone and told me that I was an undocumented pedophile

and pulled my penis out in public place and was not welcome in the state."[1]  Plaintiff alleged that

---

[1]Docket No. 3.

certain unnamed individuals were harassing him and made additional allegations concerning back taxes.

After screening Plaintiff's Complaint, the Court issued an order on December 6, 2011.  In that order, the Court found that Plaintiff had failed to set forth any plausible claim for relief, but granted Plaintiff an opportunity to amend his Complaint.  The Court informed Plaintiff that if he intended to state a claim under 42 U.S.C. § 1983, "he must provide sufficient allegations to state a plausible claim that he has been deprived of a right secured by the Constitution and the laws of the United States and must further identify the individuals involved in that alleged deprivation."[2]

Plaintiff filed his Amended Complaint on January 3, 2012.  Plaintiff's Complaint makes additional allegations that were not present in his original Complaint.  Specifically, Plaintiff makes allegations concerning being sexually assaulted between the ages of 7 and 9.  Plaintiff alleges that Las Vegas Metropolitan Police Department Sheriff Doug Gillespie ran him out of town when Plaintiff lived in Las Vegas.  Plaintiff further alleges that Sheriff Gillespie impeded his ability to travel through Utah.  Plaintiff alleges that Sheriff Gillespie did so by using "electronic components to move me back in Nevada."[3]  Plaintiff further alleges that Sheriff Gillespie used "his coworkers in Utah to keep me from staying and traveling through Utah."[4]

---

[2]Docket No. 6, at 3.

[3]Docket No. 7, at 3.

[4]*Id*.

2

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court may dismiss Plaintiff's Complaint if it fails to state a claim for which relief may be granted.  However, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5]

When determining whether to dismiss for failure to state a claim under the IFP statute, courts employ the standard set forth for motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[6]  In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[7]  "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[8]  In addition, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9]

---

[5] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

[6] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).

[8] *Kay*, 500 F.3d at 1218 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.  DISCUSSION

The Tenth Circuit has held that courts may consider a dismissal for lack of personal jurisdiction or venue when a court conducts its analysis under 28 U.S.C. § 1915.[10]

Plaintiff has made a number of allegations, but has only specifically named one individual in his Amended Complaint: Sheriff Gillespie.  Plaintiff alleges that Sheriff Gillespie ran him out of Las Vegas, where he was living at the time, and prevented him from traveling through Utah. Plaintiff, however, has not provided sufficient grounds for personal jurisdiction over Sheriff Gillespie.

In order to establish personal jurisdiction in Utah, Plaintiff must show that: (1) the Defendant's acts or contacts implicate Utah under the Utah long-arm statute; (2) a nexus exists between Plaintiff's claims and a Defendant's acts or contacts; and (3) application of the Utah long-arm statute satisfies the requirements of federal due process.[11]

Because Utah's long-arm statute is co-extensive with federal due process limits, the Court focuses its review on whether subjecting defendants to suit in Utah comports with due process. The federal due process analysis of a court's exercise of personal jurisdiction is a two-step inquiry.[12]  First, the Court must determine whether sufficient minimum contacts exist between a defendant and the forum state.[13]  "The minimum contacts necessary for specific personal

---

[10]*Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

[11]*Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).

[12]*Id*.

[13]*Trujillo*, 465 F.3d at 1217.

jurisdiction may be established where the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."[14]   Second, "if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice."[15]

Here, there are no allegations that the Court has personal jurisdiction over Sheriff Gillespie.  Gillespie is allegedly the sheriff of the Las Vegas Metropolitan Police Department. There is nothing in the original Complaint or the Amended Complaint to suggest that Sheriff Gillespie purposefully directed any of his activities toward Utah.  Plaintiff does allege that Sheriff Gillespie ran him out of Las Vegas and prevented him from traveling through Utah. However, Plaintiff alleges that this was done in Nevada.  Plaintiff further alleges that Gillespie used co-workers in Utah to impede Plaintiff's travel.  But these allegations are insufficient. Plaintiff does not provide any allegations concerning who did this and what actions were taken. Therefore, Plaintiff has failed to show that Sheriff Gillespie has sufficient minimum contacts with Utah.

Even if the Court were to find sufficient allegations to support personal jurisdiction, the Court finds that venue would not be proper in Utah.  28 U.S.C. § 1391(b) provides that a civil action may be brought in:

---

[14]*Id*. at 1218 (internal quotation marks omitted).

[15]*Pro Axess*, 428 F.3d at 1276-77 (quotation omitted).

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

First, there are no allegations that Sheriff Gillespie resides in Utah.  Second, the events, as alleged in the Complaint and Amended Complaint happened largely in Nevada, not Utah. Though Plaintiff alleges that Sheriff Gillespie prevented him from traveling through Utah, this was allegedly done through electronic components in Nevada and does not appear to be a substantial part of Plaintiff's claim.  Finally, as stated, Sheriff Gillespie would not be subject to the Court's personal jurisdiction.  Therefore, the Court finds venue to be improper in Utah.

Having found that Plaintiff's Amended Complaint is deficient, the Court further finds that further amendment would be futile.  The Court has already given Plaintiff an opportunity to amend his Complaint.  While Plaintiff's Amended Complaint is more detailed than his original Complaint, it provides no additional allegations over which the Court would have jurisdiction. The great majority of Plaintiff's claims are based on actions that took place in Nevada by a Nevada resident.  Further amendment would not provide the Court a basis for jurisdiction or venue over these claims.  Therefore, the Court will not permit further amendment and will dismiss this case.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Complaint and Amended Complaint are DISMISSED.  The

Clerk of the Court is directed to close this case forthwith.

DATED   January 23, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge